1IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**LOWELL M. VARNEY,**

      **Plaintiff,**

v.                                             Case No. 2:12-cv-07171

**UNITED STATES and
JASON D. HARWOOD,
Ninth Circuit Family Court Judge,**

      **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

On October 31, 2012, the plaintiff, Lowell M. Varney, an inmate incarcerated at the Lanesboro Correctional Institution in Polkton, North Carolina, filed a Complaint under 42 U.S.C. § 1983 (ECF No. 1) and a Motion for Appointment of Counsel and to Proceed *in forma pauperis* (ECF No. 2). This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

## THE PLAINTIFF'S CLAIMS

The plaintiff's Complaint concerns child custody proceedings related to the plaintiff's requests for visitation with his minor son. The plaintiff alleges that he has filed several petitions in the Circuit Court of Logan County concerning this matter, and that none of his petitions has been set for hearing. The Complaint further alleges that

1

some of the plaintiff's petitions have been dismissed for insufficient service on the opposing party, which the plaintiff disputes.

The Complaint further alleges that the Honorable Jason D. Harwood, a family court judge who was assigned to the plaintiff's custody matters for some period of time, has ordered that the plaintiff will not be granted visitation with his minor son as long as he is incarcerated in an out of state facility. The plaintiff further alleges that Judge Harwood has stated that, upon the plaintiff's release from incarceration, he may petition the court for visitation if he so chooses. The remainder of the plaintiff's Complaint takes issue with the parental fitness of the child's mother, and recounts incidents in which he claims his son has been placed in danger.

> The plaintiff's Complaint further alleges as follows:
>
> I've only requested to be allowed to see my child 3 or 4 times a year and be allowed to call him weekly. All at my expense. To have a paternity test done to ensure that he is my son. So the child does not grow up to think I'm his father just to suffer mentally if in fact I did happen not to be the father.
>
> N.C. Corrections offer programs for family to spend time together and a prepaid phone system.
>
> * * *
>
> Judge Harwood made the decisions to dismiss my petitions, appoint insufficient counsel and refuse to hear my petitions. He continues to deny me contact with my son, or to establish paternity, when there is written evidence of doubt. Evidence of abandonment and abuse or at least neglect.
>
> He has allowed false statement[s] to procede [sic; proceed] through several hearing[s], such as his statement I'm in a federal facility, when all he'd have to do is look at the petitions to see I'm in a state facility.
>
> * * *
>
> Judge Jason D. Harwood['s] repeated refusals to hear my petitions violated plaintiff[] Lowell Mason Varney's rights and constituted a due

2

> process under the 5th and 14th Amendments and the right to petition for redress under the 1st Amendment to the United States Constitution.
>
> The plaintiff has no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continued to be irreparably injured by the conduct of the defendant unless this court grants the declaratory and injunctive relief which Plaintiff seeks.

(ECF No. 1 at 5-6.) The plaintiff requests that Judge Harwood be removed from his cases, and further requests a temporary order to allow him to call his son at the plaintiff's expense. The plaintiff also seeks compensatory and punitive damages. (*Id.* at 6.)

## **STANDARD OF REVIEW**

Pursuant to the provisions of 28 U.S.C. § 1915A, the court is obliged to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On review, the court must dismiss the case if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. This screening is done prior to consideration of the Application to Proceed without Prepayment of Fees and Costs. A "frivolous" case has been defined as one which is based on an indisputably meritless legal theory. *Denton v. Hernandez*, 504 U.S. 25 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

Pro se complaints are held to less stringent standards than those drafted by attorneys, and the court is obliged to construe liberally such complaints. However, in *Bell Atlantic Corp v. Twombly*, 550 U.S. 544, 570 (2007), the Supreme Court observed that a case should be dismissed for failure to state a claim upon which relief can be granted if, viewing the well-pleaded factual allegations in the complaint as true and in

the light most favorable to the plaintiff, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* at 555.

The Supreme Court elaborated on its holding in *Twombly* in *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), a civil rights case. The Court wrote:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555, 127 S. Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted). Rule 8 . . . does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.*, at 556.
> * * *
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

129 S. Ct. at 1949-50.

## **ANALYSIS**

Although the plaintiff has asserted a denial of his due process rights under the Fifth and Fourteenth Amendments, as well as an alleged denial of his First Amendment right to redress, which could invoke the court's federal question jurisdiction, it appears that the plaintiff is actually attempting to appeal from, or re-litigate, state law matters from the Circuit Court of Logan County. The plaintiff's claims fail for several reasons.

4

### A. Rooker-Feldman Doctrine.

First, this court is without jurisdiction to hear Plaintiffs' claims under the *Rooker-Feldman* doctrine. The Supreme Court made clear in *D.C. Ct. of Appeals v. Feldman*, 460 U.S. 462 (1983) and *Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923), that "federal courts are divested of jurisdiction 'where entertaining the federal claim should be the equivalent of an appellate review of the state court order.'" *Friedman's Inc. v. Dunlap*, 290 F.3d 191, 196-98 (4th Cir. 2002)(quoting *Jordahl v. Democratic Party of Va.,* 122 F.3d 192, 202 (4th Cir. 1997)); *Plyler v. Moore*, 129 F.3d 728, 733 (4th Cir. 1997)(*Rooker-Feldman* applies when the federal action "essentially amounts to nothing more than an attempt to seek review of [the state court's] decision by a lower federal court"). More recently, the Supreme Court reiterated that the *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005).

The undersigned proposes that the presiding District Judge **FIND** that the plaintiff is challenging one or more state court orders denying his petitions concerning visitation rights, and that this court's review of those decisions amounts to an appeal therefrom, and is barred by the *Rooker-Feldman* doctrine. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge dismiss the plaintiffs' Complaints for lack of jurisdiction under the *Rooker-Feldman* doctrine.

### B. *Younger* Abstention.

Furthermore, in the instant case, the District Court should abstain from exercising subject matter jurisdiction over the plaintiff's claims under the "*Younger-*

abstention doctrine," as defined in *Younger v. Harris*, 401 U.S. 37 (1971). "Under [the] *Younger*-abstention doctrine, interests of comity and federalism counsel federal courts to abstain from jurisdiction whenever federal claims have been or could be presented in ongoing state judicial proceedings that concern important state interests." *Hawaii Housing Auth. v. Midkiff*, 467 U.S. 229, 237-38 (1984).

The Fourth Circuit has instituted a three-part test for determining when *Younger* abstention is appropriate: "(1) there is an ongoing state judicial proceeding, (2) the proceeding implicates important state interests, and (3) there is an adequate opportunity to present the federal claims in the state proceeding." *Employers Resource Mgmt. Co., Inc. v. Shannon*, 65 F.3d 1126, 1134 (4th Cir. 1995).

Matters concerning child custody and family law are generally on-going proceedings and the welfare of children is certainly an important state interest. It would appear to this court that the matters in controversy herein may still be on-going, and that the plaintiffs would have adequate opportunity to present his due process and First Amendment claims in the state court proceedings. Accordingly, it is respectfully **RECOMMENDED** that the presiding District Judge abstain from exercising jurisdiction over the plaintiff's claims and dismiss the plaintiff's Complaint for lack of jurisdiction.

   **C.**  **Eleventh Amendment Immunity.**

The plaintiff's Complaint names Judge Harwood, who is an employee of the State of West Virginia, as a defendant. The plaintiff has not specified whether he is suing Judge Harwood in his individual or official capacity. However, to the extent that Judge Harwood is named in his official capacity, the plaintiff's claims for damages against him are barred by the Eleventh Amendment to the United States Constitution, which

provides that "the judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign state." U.S. Const., Amend. XI.[1] It is clear that, regardless of the relief sought, the Eleventh Amendment bars suits by private citizens against a state, or its officials, in federal court, unless the state has specifically waived its right to immunity. *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89, 98-99, 101 (1984).

A state can only waive its sovereign immunity by unequivocal expressions or actions. *Id.* at 99; *see also Edelman v. Jordan*, 415 U.S. 651, 673 (1921). Similarly, Congress can abrogate a state's immunity only where it has unequivocally expressed its intent to do so, and only where it has validly exercised its power. *Seminole Tribe v. Florida*, 517 U.S. 44, 54 (1996).

The plaintiff has not raised any claims under a statute in which Congress has clearly and unequivocally abrogated the State's Eleventh Amendment immunity, and the plaintiff has failed to assert a meritorious argument that the State of West Virginia has waived its sovereign immunity. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Judge Harwood is immune from suit in this federal court under the Eleventh Amendment to the United States Constitution.

### D. Domestic Relations Exception.

Even if the plaintiff could overcome the Eleventh Amendment bar to these lawsuits, the "domestic relations exception" to federal jurisdiction, as defined in *Barber*

---

[1] Although not expressly stated in the amendment, the Eleventh Amendment has been held to bar suits against a state, or its officials, by its own citizens as well. See Edelman v. Jordan, 415 U.S. 651, 662-663 (1974). Such is the case here.

*v. Barber*, 62 U.S. 582 (1858), and *Ankenbrandt v. Richards*, 504 U.S. 689 (1992) applies to his claims. (Id. at 3-4). In *Ankenbrandt*, the Supreme Court held:

> We conclude, therefore, that the domestic relations exception, as articulated by this Court since Barber, divests the federal courts of power to issue divorce, alimony, and child custody decrees.
>
> * * *
>
> Not only is our conclusion rooted in respect for this long-held understanding, it is also supported by sound policy considerations. Issuance of decrees of this type not infrequently involves retention of jurisdiction by the court and the deployment of social workers to monitor compliance. As a matter of judicial economy, state courts are more eminently suited to work of this type than federal courts, which lack the close association with state and local government organizations dedicated to handling issues that arise out of conflicts over divorce, alimony and child custody decrees. Moreover, as a matter of judicial expertise, it makes far more sense to retain the rule that federal courts lack power to issue these types of decrees because of the special proficiency developed by state tribunals over the past century and a half in handling issues that arise in the granting of such decrees.

504 U.S. at 703-704.

The plaintiff seeks, as part of his relief, an order granting him visitation with his minor son, which is exactly the type of claim intended to be barred under the domestic relations exception. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the claims in the plaintiff's Complaint fall within the domestic relations exception to federal jurisdiction and, thus, this court lacks jurisdiction to consider his claims.

### E. Absolute Immunity.

Judicial immunity is a firmly rooted principle of law that shields judicial officers from civil suit for actions taken in exercise of their judicial functions. *Stump v. Sparkman*, 435 U.S. 349, 98 S. Ct. 1099 (1978). The primary policy that supports

8

judicial immunity is also well-established. As early as 1872, the Supreme Court recognized that it is:

> [A] general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, [should] be free to act upon his own convictions, without apprehension of personal consequences to himself.

*Bradley v. Fisher*, 13 Wall. 335, 347, 20 L.Ed. 646 (1872).

The scope of judicial immunity is interpreted broadly. In *Bradley*, the Supreme Court held: "judges of courts of superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Bradley*, 13 Wall. at 351.

The only exceptions to absolute judicial immunity are for non-judicial acts, or where the act is done in complete absence of jurisdiction. *Stump*, 435 U.S. at 360; *Bradley*, 13 Wall. at 351. (Id.) Even if the judge acted in error, he or she is still immune. *See Stump*, 435 U.S. at 356. "By the same token, the [Supreme] Court has stated that a judicial act 'does not become less judicial by virtue of an allegation of malice or corruption.'" *Forester v. White*, 484 U.S. 219, 227 (1988).

The actions by Judge Harwood that are challenged by the plaintiff were "judicial functions." Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Judge Harwood is entitled to absolute immunity from suit and, therefore, the plaintiff's claims against him must be dismissed.

### F. The plaintiff's Complaint fails to state a claim against the United States.

The plaintiff has also named the United States as a defendant in the style of his case. However, the body of the Complaint contains no allegations against any federal entity or employee, and the claims therein are not in any way related to any federal

9

entity. The undersigned presumes that, because the plaintiff was alleging violations of his federal constitutional rights, that he could somehow name the United States as a defendant. There is absolutely no basis for federal jurisdiction or any claim against a federal defendant.

Accordingly, the undersigned proposes that the presiding District Judge **FIND** that the plaintiff's Complaint fails to state a claim upon which relief may be granted against the United States.

## **RECOMMENDATION**

Based upon the proposed findings contained herein, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** the plaintiff's Complaint (ECF No. 2), in its entirety, pursuant to 28 U.S.C.§ 1915A and the holdings in *Twombly* and *Iqbal,* and that the plaintiff's Motion for Appointment of Counsel and to Proceed *in forma pauperis* (ECF No. 2) be **DENIED**.

The plaintiff is notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the plaintiff shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  *Snyder v. Ridenour*, 889 F.2d 1363 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be provided to Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to the plaintiff.

November 19, 2012

Mary E. Stanley
United States Magistrate Judge